UNITED STATES of America,

v.

Richard W. SZPYT, et al.

Crim. No. 08–54–GZS.

United States District Court, D. Maine.

April 8, 2011.

Daniel J. Perry, Darcie N. McElwee, U.S. Attorney's Office, Portland, ME, for United States of America.

---

David R. Beneman, Federal Defender's Office, Jon C. Gale, Germani & Riggle, LLC, Robert J. Ruffner, Vincent, Kantz & Ruffner, Neale A. Duffett, Cloutier, Barrett, Cloutier & Conley, Robert M. Napolitano, Gail M. Latouf, Law Offices of Gail M. Latouf, Roger F. Brunelle, Jr., Friedman, Gaythwaite, Wolf & Leavitt, Richard S. Berne, Berne & Bischoff LLC, John Paul Degrinney, Degrinney Law Offices, Peter J. Cyr, Law Offices of Peter J. Cyr, J. Hilary Billings, Law Office of J. Hilary Billings, Portland, ME, Jeffrey W. Langholtz, Biddeford, ME, John S. Webb, Nichols & Webb, P.A., Saco, ME, John E. Geary, Henry W. Griffin, Lewiston, ME, for Richard W. Szpyt, et al.

## ORDER AUTHORIZING THE DESTRUCTION OF CERTAIN FIREARMS AND AMMUNITION

GEORGE Z. SINGAL, District Judge.

Before the Court is the Government's motion for an order authorizing the destruction of certain firearms and ammunition. Upon consideration of said motion, the Court finds that:

1. The Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") currently has in its possession the following firearms and ammunition that were seized in connection with this case:

    a. one Maverick Arms, Model 88, 12 gauge slide-action shotgun, serial number MV46634B;

    b. one Remington, Model 870 Express Magnum, 12 gauge slide-action shotgun, serial number C363549M;

    c. one Hi–Point, Model 995, 9mm Luger caliber rifle/carbine, serial number B60231; ·

    d. one Romarm/Cugir, Model WASR–10, 7.62x39mm caliber rifle, serial number 1–61700–03;

    e. one DPMS Panther Arms, Model A–15, .223 caliber rifle, serial number F007131;

    f. one Lorcin, Model L380, .380 auto caliber pistol, serial number 407294;

    g. one Colt, Model M1991A1, .45 auto caliber pistol, serial number CP04759; and

    h. assorted ammunition.

2. Without an order of this Court authorizing the ATF to destroy the firearms and ammunition, the ATF will be required to maintain, at an ever increasing cost, custody and control of the firearms and ammunition for an indefinite period of time. There would not be any corresponding benefit to the public in having the ATF maintain custody and control of the firearms and ammunition.

3. No claim of ownership has been made to any of the firearms and ammunition by Richard W. Szpyt, a/k/a "Zip," the owner of the real property from which they were seized, by James E. Weston, Robert M. Boothby, a/k/a "Bugsy" who resided there at the time of the seizure, or anyone else.

4. Under no circumstances should the ATF return the firearms and/or ammunition to the defendants Richard W. Szpyt, a/k/a "Zip," James E. Weston, who are convicted felons, or to Robert M. Boothby, a/k/a "Bugsy," who is deceased.

5. It would be improper to allow a third party to take possession and to sell the firearms and/or ammunition on a convicted felon's behalf, because the felon would profit from items that he can no longer legally possess.

6. Currently, there is no specific statute authorizing the destruction of the firearms and ammunition in the circumstances described herein. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress

... [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1.  The ATF shall publish notice, once a week, for a period of three consecutive weeks, of its intent to destroy the firearms and ammunition in a newspaper of general circulation in Old Orchard Beach, Maine;

2.  If within 30 days following the last date of published notice, the ATF receives a claim regarding a particular firearm and/or piece of ammunition, the ATF shall discuss the matter with the claimant in order to determine whether it is appropriate for the ATF to recognize the claim.  If the ATF and the claimant cannot agree, court action may be required with respect to the item.

3.  In circumstances where no claim is filed regarding a particular firearm and/or piece of ammunition within 30 days following the last date of published notice, the ATF shall destroy the item.

SO ORDERED.